**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 11-cr-00376-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

1.     EXECUTIVE RECYCLING, INC.,
2.     BRANDON RICHTER, and
3.     **TOR OLSON**,

    Defendants.

---

**ORDER GRANTING THE GOVERNMENT'S MOTION FOR RECONSIDERATION, VACATING PRIOR ORDER GRANTING BOND PENDING APPEAL AND GRANTING DEFENDANT OLSON'S RENEWED REQUEST FOR BOND PENDING APPEAL**

---

On July 17, 2013, the Court sentenced Defendant Tor Olson ("Defendant") to fourteen months imprisonment followed by supervised release for a period of three years. (ECF No. 398 at 3.) The Court also granted Defendant's Motion for Release Pending Appeal based on its findings that Defendant is not likely to flee, does not pose a danger to the safety of any person or the community, that any appeal would not be for the purpose of delay, and that any such appeal would raise substantial questions of law and fact that could result in a new trial. (*Id*. at 6.)

The following day, the Government filed a Motion to Reconsider Order Granting Appeal Bond which argues that because Defendant had not yet filed an appeal at the time of his sentencing, the Court's ruling granting Defendant bond pending appeal was improper. (ECF No. 397.) The Court agrees with the Government's analysis and finds

that Defendant's prior Motion for Release Pending Appeal was premature.  The Court therefore GRANTS the Government's Motion for Reconsideration and VACATES its prior order granting Defendant release pending appeal.

On July 26, 2013, Defendant filed a Notice of Appeal and a renewed request for release pending appeal.  (ECF Nos. 411 & 412.)  The Court entered judgment on July 29, 2013.  (ECF No. 416.)  Thus, per Federal Rule of Appellate Procedure 4(b)(2), Defendant's Notice of Appeal is deemed filed on July 29, 2013.  All of the conditions precedent in 18 U.S.C. § 3143 having been satisfied, the Court now turns to the merits of whether Defendant is entitled to release pending appeal.

Whether a party who has been convicted of an offense should be permitted to remain on bond pending an appeal of his conviction is governed by 18 U.S.C. § 3143. *See* Fed. R. Crim. P. 46(c) ("The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal.") A defendant seeking release pending appeal bears the burden of establishing the following:  (1) by clear and convincing evidence, that the defendant is not likely to flee and does not pose a danger to the safety of any other person or the community; (2) that the appeal is not for the purpose of delay, and (3) that defendant's upcoming appeal will raise substantial questions of law and fact which may result in either a reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.  *See* 18 U.S.C. § 3143(b).

The Court finds that Defendant Olson has met his burden in this case.  Despite the Government's arguments to the contrary, the Court finds that Defendant has shown

by clear and convincing evidence that he is not likely to flee.  Defendant was previously permitted to travel outside of the country and returned voluntarily.  He has been under investigation for the crimes charged in this case for multiple years and has stayed to face the charges.  Defendant has a wife and two children with significant ties to the area, is an active member of his community, and has full-time employment.  Defendant has surrendered his United States passport and does not have dual-citizenship with any other country or possess any other passport.

The Court also finds that Defendant has shown by clear and convincing evidence that he is not a danger to any person or the community.  The crimes of which Defendant was convicted are fraud and environmental crimes, which are not violent in nature.  At the conclusion of the trial, in permitting Defendant to remain on bond pending his sentencing, the Court found that Defendant was not a danger to the community.  The Court incorporates its ruling here.

The Court further finds that Defendant's appeal is not for the purposes of delay and that his appeal raises substantial questions that may result in a reversal of his conviction.  As all parties have readily admitted, the Government's prosecution of the Defendants in this case included substantial ventures into uncharted legal territory, which resulted in the Court having to make a number of decisions for which it lacked substantial guidance.  While the Court believes its rulings were correct, it acknowledges that the Tenth Circuit may well disagree.  A finding in Defendant's favor on the issues he raises on appeal could result in a reversal of all of his convictions and a remand for a new trial.  Given the significant legal issues encompassed by Defendant's appeal, the Court finds that Defendant has met his burden of showing that such appeal is not for

the purposes of delay and that it raises "substantial questions" that may result in reversal or an order for a new trial. The Court therefore finds that Defendant Olson has met his burden under 18 U.S.C. § 3143(b).

For the reasons set forth above, the Court ORDERS as follows:

1. The Government's Motion to Reconsider Order Granting Appeal Bond (ECF No. 397) is GRANTED;

2. The Court's July 17, 2013 Order granting Defendant's Motion for Release Pending Appeal is VACATED;

3. Defendant's Renewed Motion for Release Pending Appeal (ECF No. 412) is GRANTED;

4. Defendant's bond is hereby CONTINUED for the duration of his appeal, subject to all of the conditions set forth in the Magistrate Judge's Order Setting Conditions of Release.

Dated this 30th day of July, 2013.

BY THE COURT:

William J. Martinez
United States District Judge